**Marquis Aurbach Coffing**
Scott A. Marquis, Esq.
Nevada Bar No. 6407
Candice E. Renka, Esq.
Nevada Bar No. 11447
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
smarquis@maclaw.com
crenka@maclaw.com
  Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STEVENSON FISHER, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MJ CHRISTENSEN JEWELERS, LLC, a Nevada limited liability company; LE VIAN CORP., a New York business corporation; RSVP DEVELOPMENT CORP., a Florida profit corporation dba RSVP PUBLICATIONS and RSVP PUBLICATIONS, INC.; LX PUBLICATIONS, LLC, an Illinois limited liability company dba LX MAGAZINES; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.:   2:15-cv-00358-RFB-NJK |

### STIPULATION AND ORDER TO ~~FIND~~ FILE SECOND AMENDED COMPLAINT

The Parties to the above-entitled action, by and through their respective counsel of record herein, hereby stipulate and agree as follows:

1. Plaintiff filed an Amended Complaint on March 30, 2015.

2. The Amended Complaint named LX PUBLICATIONS, LLC, an Illinois limited liability company dba LX MAGAZINES as a Defendant ("LX IL").

3. LX IL failed to respond to the Complaint, and Default was entered against LX IL on July 2, 2015 (#35).  Notice of Entry of Default was filed on July 16, 2015 (#36).  The Notice

of entry of Default was served via regular mail to the same address where LX IL was served with the Summons and Complaint.

4. Plaintiff recently learned that LX IL was involuntarily dissolved and that LX Publications, LLC is now a registered Nevada limited liability company ("LX NV") (LX IL and LX NV are collectively referred to as "LX"). Accordingly, Plaintiff wishes to file a Second Amended Complaint to name LX NV as a Defendant.

5. Plaintiff filed a Notice of Voluntary Dismissal of RSVP Development Corp. ("RSVP") Without Prejudice on April 21, 2015. Accordingly, Plaintiff wishes to file a Second Amended Complaint to remove RSVP from the caption.

6. After conducting some written discovery, Plaintiff has confirmed that this case involves a prerecorded voice message made by Defendant MJ Christensen Jewelers and provided to LX. Therefore, Plaintiff wishes to clarify the use of a prerecorded message throughout the Second Amended Complaint.

7. For these reasons, the Parties stipulate to the filing of the Second Amended Complaint, a proposed copy of which is attached hereto as **EXHIBIT A**.

IT IS SO STIPULATED.

Dated this   day of November, 2015

**MARQUIS AURBACH COFFING**

By: _/s/ Candice E. Renka_
SCOTT A. MARQUIS, ESQ.
Nevada Bar No. 6407
CANDICE E. RENKA, ESQ.
Nevada Bar No. 11447
10001 Park Run Drive
Las Vegas, NV 89145
*Attorneys for Plaintiff Stevenson Fisher*

Dated this   day of November, 2015

**FABIAN & CLENDENIN, P.C.**

By: _/s/ Ashton J. Hyde_
ASHTON J. HYDE, ESQ.
Nevada Bar No. 12407
601 South 10th Street, Suite 204
Las Vegas, Nevada 89101
*Attorney for Defendant MJ Christensen Jewelers, LLC*

MAC:13937-001 2651716_1 11/10/2015 3:52 PM

Dated this day of November, 2015

**SNELL & WILMER, LLP**

By: /s/ Kelly H. Dove
 KELLY H. DOVE, ESQ.
 Nevada Bar No. 10569
 3883 Howard Hughes Parkway
 Suite 1100
 Las Vegas, NV 89169-5958
 *Attorneys for Defendant Le Vian Corp.*

## ORDER

Consistent with the above Stipulation, it is hereby ORDERED that Plaintiff may file the Second Amended Complaint, consistent with the copy attached to the above Stipulation as **EXHIBIT A**.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: November 17, 2015

Submitted by:

MARQUIS AURBACH COFFING

By /s/ Candice E. Renka
 SCOTT A. MARQUIS, ESQ.
 Nevada Bar No. 6407
 CANDICE E. RENKA, ESQ.
 Nevada Bar No. 11447
 10001 Park Run Drive
 Las Vegas, NV 89145
 *Attorneys for Plaintiff Stevenson Fisher*

Page 3 of 3

MAC:13937-001 2651716_1 11/10/2015 3:52 PM

# Exhibit A

**Marquis Aurbach Coffing**
Scott A. Marquis, Esq.
Nevada Bar No. 6407
Candice E. Renka, Esq.
Nevada Bar No. 11447
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
smarquis@maclaw.com
crenka@maclaw.com
  Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STEVENSON FISHER, individually and on behalf of all persons similarly situated,<br><br>                Plaintiff,<br><br>vs.<br><br>MJ CHRISTENSEN JEWELERS, LLC, a Nevada limited liability company; LE VIAN CORP., a New York business corporation;; LX PUBLICATIONS, LLC, an Illinois limited liability company dba LX MAGAZINES; LX PUBLICATIONS, LLC, a Nevada limited liability company dba LX Magazines; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>                Defendants. | Case No.:    2:15-cv-00358-RFB-NJK<br><br>**[PROPOSED] SECOND AMENDED COMPLAINT** |

      Plaintiff STEVENSON FISHER (hereinafter "Plaintiff"), individually and on behalf of all persons similarly situated, by and through his attorneys of record, the law firm of Marquis Aurbach Coffing, alleges and complains as follows:

### PARTIES

      1.    Stevenson Fisher ("Plaintiff") is and was at all times relevant herein, an individual and a citizen residing in Clark County, Nevada.

      2.    MJ Christensen Jewelers, LLC is and was at all times relevant herein, a Nevada limited liability company ("MJC").

3. Le Vian Corp., is and was at all times relevant herein a New York business corporation doing business in Nevada ("Le Vian").

4. LX Publications, LLC, an Illinois limited liability company, was formed on or about July 28, 2010 and involuntarily dissolved on or about January 11, 2013 ("LX IL").

5. LX IL is and was at all times relevant herein an Illinois limited liability company doing business as LX Magazines and doing business in Nevada ("LX").

6. LX IL and LX NV are collectively referred to as "LX."

7. LX Publications, LLC, a Nevada limited liability company, was formed on or about March 10, 2014 and is an active LLC according to the Nevada Secretary of State ("LX NV").

8. LX NV is and was at all times relevant herein an Illinois limited liability company doing business as LX Magazines and doing business in Nevada.

9. The names and capacities, whether individuals, corporate, associate or otherwise of Defendants named herein as DOE and ROE CORPORATION are unknown or not yet confirmed. Upon information and belief, said DOE and ROE CORPORATION Defendants are responsible for damages suffered by Plaintiff and, therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff will ask leave to amend this Complaint to show the true names and capacities of each DOE and ROE CORPORATION Defendant at such time as the same has been ascertained.

**JURISDICTION AND VENUE**

10. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 under the federal question doctrine.

11. This Court has personal jurisdiction over the Defendants because the prerecorded marketing calls to Plaintiff's wireless phone were received in Nevada.

12. Venue properly lies in this court under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events that gave rise to Plaintiff's claims transpired in Nevada.

///

///

## NATURE OF THE ACTION

13. This is a proposed class action brought on behalf of consumers that received telemarketing calls to their cell phones made using a prerecorded voice or automated telephone dialing system ("ATDS") by or on behalf of Defendants, for which calls the Defendants never obtained express, written consent from the consumers.

14. Plaintiff alleges that Defendants' use of a prerecorded voice or ATDS to make telemarketing phone calls to consumers' cell phones without prior express, written consent violates the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and the Nevada Deceptive Trade Practices Act, ("NVDTPA"), NRS Chapter 598. Moreover, a violation of the TCPA is a *per se* violation of the NVDTPA. NRS 598.023(3).

15. The TCPA, as interpreted by Federal Communications Commission ("FCC") prohibits the use of an ATDS to make telemarketing calls to consumers' cell phones unless the consumer has provided express, written consent.

16. Plaintiff brings this action in his individual capacity and on behalf of the classes of persons similarly situated, as defined below.

## THE RELATIONSHIP AMONGST THE DEFENDANTS

17. MJC is a retailer that sells jewelry manufactured and provided by other companies, such as Le Vian.

18. Le Vian is a company that designs and sells jewelry and watches internationally.

19. Le Vian has several brands of jewelry.

20. Le Vian sells its product through retailers, including MJC.

21. Le Vian has input and control over certain aspects of how MJC markets Le Vian products.

22. Le Vian sometimes sends representatives to MJC to instruct MJC how to display, advertise, and market its jewelry.

23. Le Vian instructs MJC use its displays and advertisements, and requires that MJC market its materials with Le Vian's third-party marketing company, LX.

MAC:13937-001 2650014_3 11/10/2015 3:53 PM

24. At Le Vian's instruction, MJC provided LX a recorded voice message advertising MJC and a list of telephone numbers.

25. The list of telephone numbers included over 10,000 telephone numbers.

26. LX then utilized the prerecorded voice message and, upon information and belief, an ATDS, to make the calls to the consumers, such as the Plaintiff in this case.

## GENERAL ALLEGATIONS

27. On or about December 3, 2014 at 12:30 p.m., Plaintiff received a prerecorded telephone call from MJC regarding a sale that MJC was having.

28. Plaintiff has never done business with MJC.

29. Plaintiff received the call on his personal cell phone while in Las Vegas, Clark County, Nevada.

30. Upon information and belief, the call was made using an ATDS.

31. The call was a telemarketing call.

32. Plaintiff has never provided Defendants express, written consent to receive telemarketing calls made using a prerecorded voice or ATDS to Plaintiff's cell phone.

33. Defendants knew or should have known that they did not have the prior express, written consent of Plaintiff or any other members of the classes to use a prerecorded voice or ATDS to make telemarketing calls to their cell phones.

34. As a result of Defendants' conduct, class members have suffered damages in that they have been charged by their cell phone carrier for minutes, time, or usage for the calls made by Defendants.

35. As a result of Defendants' conduct, class members have suffered a violation of their right to privacy.

/ / /

/ / /

/ / /

/ / /

/ / /

## CLASS ALLEGATIONS

### NATIONAL CLASS

36. Plaintiff brings this action pursuant to FRCP 23 as a class action on behalf of himself and on behalf of a National Class defined as:

ALL PERSONS RESIDING IN THE UNITED STATES WHO RECEIVED A TELEMARKETING CALL ON THEIR CELL PHONE, MADE USING A PRERECORDED VOICE OR AUTOMATED TELEPHONE DIALING SYSTEM BY OR ON BEHALF OF DEFENDANTS, WHO HAD NOT PROVIDED DEFENDANTS EXPRESS, WRITTEN CONSENT TO RECEIVE SUCH CALLS, ON OR AFTER JANUARY 20, 2011.

37. Plaintiff and members of the National Class received telemarketing calls to their cell phones, made by using a prerecorded voice or ATDS by or on behalf of Defendants and had not provided Defendants express, written consent to receive such calls, on or after January 20, 2011, in violation of the TCPA.

### NEVADA CLASS

38. Plaintiff also brings this action on behalf of a Class comprised of Nevada residents ("Nevada Class") defined as:

ALL PERSONS RESIDING IN NEVADA WHO RECEIVED A TELEMARKETING CALL ON THEIR CELL PHONE, MADE USING A PRERECORDED VOICE ORAUTOMATED TELEPHONE DIALING SYSTEM BY OR ON BEHALF OF DEFENDANTS, WHO HAD NOT PROVIDED DEFENDANTS EXPRESS, WRITTEN CONSENT TO RECEIVE SUCH CALLS, ON OR AFTER JANUARY 20, 2011.

39. Plaintiff and members of the Nevada Class received telemarketing calls to their cell phones, made by using a prerecorded voice or ATDS by or on behalf of Defendants and had not provided Defendants express, written consent to receive such calls, on or after January 20, 2011, in violation of the NVDTPA.

40. The requirements for maintaining this action as a class action under Rule 23 of the Federal Rules of Civil procedure are satisfied:

41. **NUMEROSITY:** It is impracticable to bring all members of the National Class and the Nevada Class (collectively, "Class Members") before the Court. Plaintiff estimates that there are thousands of Class Members, geographically spread throughout the United States, and

that their identities can be ascertained from Defendants' books and records. Attempting to join and name each Class member as a Co-Plaintiff would be unreasonable and impracticable.

42. **COMMONALITY:** There is a well-defined commonality of interest in the questions of law and fact involving Class Members in that all Class Members received telemarketing calls, made using a prerecorded voice or ATDS, to their cell phones, from Defendants in violation of the TCPA and NVDTPA.

43. **PREDOMINANCE:** There are questions of law and fact common to the Class Members, which are identical for each Class Member and which predominate over the questions affecting the individual Class Members, if any, which include:

   a. Whether Defendants violated the TCPA and the NVDTPA when using a prerecorded voice or ATDS to make telemarketing calls to Class Members' cell phones without express, written consent;

   b. Whether Defendants used a prerecorded voice to make the calls;

   c. Whether Defendants used an ATDS to make the calls;

   d. Whether the calls were telemarketing calls;

   e. Whether the calls were made to Class Members' cell phones;

   f. Whether the Class Members provided express, written consent to receive the calls;

   g. Whether Plaintiff and Class Members are entitled to damages under the TCPA;

   h. Whether Plaintiff and Class Members are entitled to damages under the NVDTPA;

   i. Whether Plaintiff and Class Members are entitled to treble damages under the TCPA; and

   j. Whether Plaintiff and Class Members are entitled to injunctive relief under the TCPA;

44. **TYPICALITY:** The claims of the Plaintiff are typical of the Class Members in that Plaintiff is informed and believes that each Class Member received a telemarketing call from

Defendants, made using a prerecorded voice or ATDS to their cell phone without having provided express, written consent to Defendants. Also, there is uniformity in the federal and state legislation prohibiting the practice complained of and providing statutory damages that may be pursued in state court. In this action, Plaintiff and the Class Members seek an injunction prohibiting Defendants' using a prerecorded voice or ATDS to make telemarketing calls to consumers' cell phones without express, written consent; damages; attorney fees; and costs incurred in the prosecution of this action.

45.   **ADEQUACY:**   Plaintiff is willing to devote the time necessary to serve as representative of the National Class and the Nevada Class and work with class counsel. Plaintiff's attorneys are experienced and knowledgeable in class action litigation in Nevada, and they will fairly and adequately represent the interests of the National Class and the Nevada Class and have no interests antagonistic to the class.

46.   **SUPERIORITY:**   There is no plain, speedy or adequate remedy other than maintenance of this class action since Plaintiff is informed and believes that a class action is superior to any other available means for the adjudication of this controversy.

47.   This action will cause an orderly and expeditious administration of the Class Members' claims. A class action will save time, effort and expense, and will ensure uniformity of decisions at the lowest cost and with the least toll on judicial resources.

48.   Because the loss suffered by individual Class Members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Class Members to individually seek redress. Plaintiff believes that Class Members, to the extent they are aware of their rights against Defendants, would be unable to secure counsel to litigate their claims on an individual basis because of the relatively small nature of the individual damages warranted and/or the value of individual injunctive relief.

49.   Hence, a class action is the only feasible means of recovery for the Class Members. Furthermore, without a class action, Class Members will continue to suffer damages and Defendants will continue to violate federal and state law, retaining and reaping the proceeds of their wrongful marketing practices.

50. **MANAGEABILITY:** There are no manageability problems due to variations in state laws or choice of law provisions, because the TCPA applies to the claims of all the Class Members asserted herein, and Nevada law applies to the Nevada Class. Further, the evidence proving Defendants' violation of the statutes is ascertainable through discovery. The identities of the Class Members are known by Defendants, and damages can be calculated from Defendants' records. Thus, this action poses no unusual difficulties that would impede its management by the Court as a class action.

### FIRST CLAIM FOR RELIEF

(Violation of the Telephone Consumer Protection Act 47 USC § 227 et seq.)

51. Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

52. Defendants used a prerecorded voice or ATDS to make telemarketing calls to the Class Members' cell phones without express, written consent from the Class Members.

53. By using an ATDS, Defendants were able to effectively send thousands of telemarketing calls to thousands of consumers' cell phone numbers.

54. Defendants' calls were made using an artificial prerecorded voice. By using an ATDS and a prerecorded message, Defendants are able to simultaneously call thousands of wireless customers without any human intervention and at very little cost to Defendants.

55. Upon information and belief, Defendants used a prerecorded voice or ATDS to make the calls or had a high degree of involvement in the making of the calls. For example, Defendants:

    a. Knew that the calls were being made with a prerecorded voice;

    b. Knew that the calls were being made with an ATDS;

    c. Knew that the calls were telemarketing calls;

    d. Knew that the calls were being made to Class Members' cell phones;

    e. Knew that the Class Members had not provided express, written consent to receive such calls;

    f. Participated in preparing the content of the calls or messages;

    g. Provided or obtained the cell numbers of the Class Members; and

      h.      Received compensation for or a benefit from making such calls.

56. As a result of Defendants' conduct, Plaintiff and the Class Members have suffered damages by being charged by their cell phone carriers for the minutes, time, or usage for the calls made by Defendants.

57. As a result of Defendants' conduct, Class Members have suffered a violation of their right to privacy.

## SECOND CLAIM FOR RELIEF

### (Violation of the Nevada Deceptive Trade Practices Act NRS Chapter 598)

58. Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

59. Defendants willfully and knowingly violated the TCPA, which is a statute relating to the sale or lease of goods or services.  NRS 41.600; NRS 598.0923(3).

60. Defendants engaged in a deceptive trade practice.

61. As a direct and proximate result of Defendants' deceptive trade practice, Plaintiff and Nevada Class Members have suffered damages in an amount to be proven at trial.

62. Plaintiff and Nevada Class Members are victims of consumer fraud and are therefore entitled to damages as well as attorney fees and costs.  NRS 41.600.

## THIRD CLAIM FOR RELIEF

### (Declaratory Relief)

63. Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

64. A genuine dispute exists between the parties regarding the Defendants' illegal calls to Plaintiff and Class Members.

65. The interests of the parties are adverse.

66. This Court should declare that based upon the Defendants' violation of federal and Nevada law, that Plaintiff and Class Members are entitled to $500 damages per call, treble damages for each call, injunctive relief, attorney fees, and costs.

67. It has become necessary for Plaintiff and Class Members to engage the services of an attorney to prosecute this action; therefore, Plaintiff and Class Members are entitled to costs and attorney fees as special damages.

## FOURTH CLAIM FOR RELIEF

### (Attorney Fees as Special Damages)

68. Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

69. As a direct and proximate result of Defendant's conduct, it has been necessary for Plaintiff and Class Members to retain the services of an attorney in order to prosecute this action and, therefore, Plaintiff and Class Members are entitled to an award of reasonable attorney fees and costs incurred herein as special damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendants:

1. Certification of the National Class and Nevada Class;

2. A Declaration that Defendants have violated the TCPA because it failed to obtain express, written consent to make the calls to Plaintiff or the Class Members;

3. Judgment in the amount of $500 for Plaintiff and each member of the National Class and the Nevada Class for statutory damages for each call received by them from Defendants;

4. Judgment in the amount equal to three times the damages to Plaintiff and the Class Members under the TCPA;

5. Extraordinary, equitable, and/or injunctive relief as permitted by law to ensure that Defendants will stop making the illegal calls;

6. For an award of reasonable attorney fees and costs of suit; and

7. For any further relief as the Court deems to be just and proper.

Dated this ____ day of November, 2015.

MARQUIS AURBACH COFFING

By _____
Scott A. Marquis, Esq., Nevada Bar No. 6407
Candice E. Renka, Esq., Nevada Bar No. 11447
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Plaintiff

Page 10 of 11

MAC:13937-001 2650014_3 11/10/2015 3:53 PM