1

2

3

4

5

6

7

8

9

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

10  STEVENSON FISHER,                               )
                                                    )       Case No. 2:15-cv-00358-RFB-NJK
11                 Plaintiff(s),                    )
                                                    )       ORDER
12  vs.                                             )
                                                    )       (Docket No. 71)
13  MJ CHRISTENSEN JEWELERS, LLC, et al.,           )
                                                    )
14                 Defendant(s).                    )
                                                    )
15  _____)

16       Pending before the Court is Plaintiff's motion to compel discovery from Defendant Le Vian

17  Corp. Docket No. 71. Le Vian filed a response in opposition, and Plaintiff filed a reply. Docket No.

18  74, 76. The gist of the pending dispute is whether Plaintiff is entitled to broad discovery regarding any

19  of the Defendants' telemarketing (or related) activities even if they are unrelated to the particular event

20  identified in the complaint and even if those telemarketing activities do not involve the other Defendants

21  in this case. Plaintiff's motion fails to discuss–or even cite–a single case addressing discovery, whether

22  addressing discovery in the class action context generally, addressing discovery in the TCPA class action

23  context, or addressing discovery requests analogous to those presented here.[1] For its part, Le Vian

24  quotes the basic standards for discovery during the class certification process, Docket No. 74 at 9, but

25  fails to cite legal authority for its specific arguments that the Court should limit discovery to the confines

26

27

28

---

[1] The only legal authority addressed in the motion are quotations from the Federal Rules of Civil Procedure and discussion of case law addressing the TCPA generally. *See, e.g.*, Docket No. 71 at 9-11, 27.

of the class definition and that the Court may consider its contention at this stage that the discovery sought necessarily relies on a class that cannot survive the certification process.[2]

In short, the parties have not substantiated their arguments with sufficient legal authority. The Court declines the invitation to either find the applicable legal authority itself or to rule without a clear understanding of what binding or persuasive authority exists on the particular discovery issues presented. The motion to compel is therefore **DENIED** without prejudice. Plaintiff is permitted to refile the motion if supported with applicable legal authority. Any renewed motion must be filed no later than March 1, 2016. If the motion is renewed, any response must be filed no later than March 7, 2016, and any reply must be filed no later than March 10, 2016.

IT IS SO ORDERED.

DATED: February 23, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] In reply, Plaintiff contends that "a Rule 23 analysis is more properly conducted after discovery and upon a motion for class certification," Docket No. 76 at 4, but neither of the cases cited relates to discovery. *See Haley v. TalentWise, Inc.*, 9 F. Supp. 3d 1188, 1194 (W.D. Wash. 2014) (refusing to resolve class issues on motion to dismiss); *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008) (refusing to strike class allegations).