UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVENSON FISHER, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:15-cv-358-RFB-NJK |
| ) | |
| vs. ) | ORDER |
| ) | |
| MJ CHRISTENSEN JEWELERS, LLC, et al., ) | (Docket No. 99) |
| ) | |
| Defendants. ) | |

Pending before the Court is Plaintiff's renewed motion to compel responses from Defendant Le Vian Corporation ("Le Vian"). Docket No. 99. Le Vian filed a response in opposition, and Plaintiff filed a reply. Docket Nos. 104, 105. The Court finds this motion appropriately resolved without oral argument. *See* LR 78-1. For the reasons set forth below, the motion to compel is **DENIED**.

I.  **BACKGROUND**

This case arises from one prerecorded telemarketing call that Plaintiff received on his cell phone in December 2014. *See* Docket No. 47 at 4. The call advertised a trunk sale for one of the defendants, MJ Christensen Jewelers ("MJC"). *Id.* Plaintiff had never done business with MJC and had not given MJC consent to call him. *Id.* MJC sells the jewelry of another company called Le Vian, which recommended that MJC advertise products and events using prerecorded voice messages *See, e.g.*, Docket Nos. 100-2 at 5 (Le Vian brochure), 100-5 at 2 (email from Le Vian representative to MJC representative).

Plaintiff believes that MJC and other retailers associated with Le Vian may have called other consumers without permission, and therefore wishes to certify a statewide class under the Nevada Deceptive Trade Practices Act and a national class under the Telephone Consumer Protection Act of 1991. *See, e.g.*, Docket No. 47 at 3-8. Plaintiff's proposed national class is:

All persons residing in the United States who received a

> telemarketing call on their cell phone, made using a prerecorded voice or automated telephone dialing system by or on behalf of defendants, who had not provided defendants express, written consent to receive such calls, on or after January 20, 2011.

Docket No. 47 at 5. Plaintiff's proposed statewide class is identical, except that it only applies to "all persons living in Nevada." *Id.*

Plaintiff maintains that he requires broad pre-certification discovery related to Le Vian's telemarketing practices and business relationships in order to uncover information related to the "size and identity of the class." *See, e.g.*, Docket No. 99 at 12. Thus far, Plaintiff has filed four motions to compel in an attempt to obtain documents and information from Le Vian. Docket Nos. 71, 79, 96, 99. The Court denied Plaintiff's first motion to compel without prejudice partly because he failed to present any legal authority supporting an entitlement to broad discovery regarding Le Vian's telemarketing activities and business relationships. Docket No. 77. The Court denied Plaintiff's second motion to compel without prejudice because at the time it appeared that ongoing mediation between the parties might resolve the dispute. Docket No. 87. The Court denied Plaintiff's third motion to compel without prejudice because Plaintiff failed to make additional meet and confer efforts before filing the motion. Docket No. 98. Plaintiff subsequently met and conferred with Le Vian, then filed the motion to compel at issue here. Docket No. 99.

As the Court noted in its February 23, 2016 Order, the gist of the pending dispute is whether Plaintiff is entitled to broad discovery regarding any of the Defendants' telemarketing (or related) activities even if they are unrelated to the particular event identified in the complaint and even if those telemarketing activities do not involve the other Defendants in this case. *See* Docket No. 77 at 1. For the reasons set forth below, the Court finds that Plaintiff is not entitled to such broad discovery.

**II.    DISCUSSION**

    **A.    Legal Standards**

        **i.    Fed. R. Civ. P. 23**

Some discussion of the substantive law governing class actions is necessary to place the

parties' discovery dispute in context. Rule 23(a)[1] governs the prerequisites for maintaining a class action and provides that "one or more" members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." These prerequisites are commonly referred to as the requirements of "numerosity," "commonality," "typicality," and "adequacy of representation." In addition, at least one of the requirements of Rule 23(b) must be satisfied to certify a class. *See* Fed. R. Civ. P. Rule 23(b).

The party seeking class certification bears the burden of demonstrating each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). "Before certifying the class, the trial court must conduct a 'rigorous analysis' to determine whether a party seeking certification has met the prerequisites of Rule 23." *Id*. (citing *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996)). The district judge is required by Fed. R. Civ. P. 23(c)(1) to determine "[a]t an early practicable time after a person sues or is sued as a class representative . . . whether to certify the action as a class action." The Supreme Court has made it clear that the determination of whether or not to certify a class does not permit or require a preliminary inquiry into the merits. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974). The Ninth Circuit has also recognized that, in determining whether to certify a class, the district court must take the substantive allegations of the complaint as true. *Blackie v. Barrack*, 524 F.2d 891, 901, n.17 (9th Cir. 1975). In determining whether to certify a class, the district judge may analyze the allegations of the complaint and other materials before him sufficient to form a reasonable judgment on each of the requirements of Rule 23. *Id*. at 901. "An extensive evidentiary showing . . . is not required. So long as he has sufficient material before him to determine the nature of the allegations, and rule on compliance with the Rules requirements, and he bases his ruling on that material, his approach cannot be faulted because

---

[1]Unless otherwise noted, the term "Rules" refers to the Federal Rules of Civil Procedure.

plaintiff's proof may fail at trial." In exercising this reasonable judgment, the district judge "may request the parties to supplement the pleadings with sufficient material to allow an informed judgment on each of the Rule's requirements." *Id*. at 901, n.17.

### ii. **Discovery**

The district court may permit discovery to determine whether class certification is appropriate. *Kamm v. California City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975). Whether or not discovery will be permitted lies within the sound discretion of the trial court. *Id*. "In determining whether to grant discovery, the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination. In some cases, the propriety of certifying a class cannot be determined without discovery, for example, in cases where discovery is necessary to determine the existence of a class or set of subclasses." *Id*. at 210. "To deny discovery in these circumstances is an abuse of discretion." *Id*. However, "where the necessary factual issues may be resolved without discovery, it is not required." *Id*.

In *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304 (9th Cir. 1977), the Ninth Circuit held that the trial court did not abuse its discretion to deny discovery before ruling on motions for class certification. However, the court recognized "that the better and more advisable practice . . . to follow is to afford the litigants an opportunity to present evidence as to whether a class action" is maintainable and that in most cases this necessarily requires "enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Id*. at 1313. *Doninger* also found that if the plaintiffs had failed to make a *prima facie* showing of Rule 23's prerequisites, "the burden is on the plaintiff to demonstrate that discovery measures are likely to produce persuasive information substantiating the class action allegations." *Id*. In *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985), the Ninth Circuit held that the district court did not abuse its discretion by refusing to allow discovery for an asserted national class, stating,

> Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a *prima facie* showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or the discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion.

1 *Id*. at 1424 (*citing Doninger*).

2     In addition, Rule 26 gives a court broad discretion to limit discovery and was recently amended to emphasize the importance of proportionality. Rule 26 states, in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and *proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis supplied). The Advisory Committee notes to this recent amendment emphasize the importance of "[r]estoring proportionality as an express component of the scope of discovery." The notes state that this change "reflects the need for continuing and close judicial involvement in the cases that do not yield readily to the ideal of effective party management."

    **B.**     **Analysis**

    The analysis in Plaintiff's most recent motion to compel is almost identical to that in his initial motion. *See* Docket Nos. 71, 99. Plaintiff fails to even argue that he has made a *prima facie* showing of Rule 23's prerequisites. *See generally* Docket No. 99. Instead, Plaintiff briefly argues that the proposed discovery is likely to substantiate his class allegations. *See id.* at 10-12. Plaintiff bases his argument primarily on an unreported, distinguishable case from another district. *Id.* The case is *Henderson v. United Student Aid Funds, Inc.*, No. 13-cv-1845-JLS, 2015 WL 4742346 (S.D. Cal. July 28, 2015), which involved abusive debt collection practices and related phone calls. The defendant in *Henderson* hired several other organizations to repeatedly call the plaintiff in an attempt to collect a debt the plaintiff owed. *Henderson*, 2015 WL 4742346, at *1-2. The plaintiff sought discovery to determine whether the defendant hired any other organizations to collect her debt, and whether the defendant hired organizations to collect other individuals' debt. *Id.* at *4.

    In this case, unlike the plaintiff in *Henderson*, Plaintiff received only one phone call. *See, e.g.*, Docket No. 47 at 4. More importantly, Plaintiff's own exhibits demonstrate that, unlike the defendant in *Henderson*, Le Vian did not hire MJC to call Plaintiff. Rather, Le Vian encouraged MJC to use automated telephone calls as a marketing strategy. *See, e.g.*, Docket Nos. 100-2 at 5 (Le

Vian brochure), 100-5 at 2 (email from Le Vian representative to MJC representative). Further, Plaintiff's evidence shows that Le Vian refused MJC's request to provide it with customer information, and encouraged MJC to contact preexisting customers. Docket No. 100-6 at 2 (email from Le Vian representative to MJC representative). Plaintiff's evidence does not show that Le Vian hired MJC to call him, or that Le Vian had his number to begin with. The Court simply does not agree with Plaintiff's argument that the facts of his case are similar to those in *Henderson*.

The Court finds that Plaintiff has not met his burden of making a *prima facie* showing of Rule 23's prerequisites because he fails to make any argument in that regard. *Mantolete*, 767 F.2d at 1424. Nor has Plaintiff convinced the Court that the discovery he seeks is "likely to produce persuasive information substantiating the class action allegations." *Id*. Additionally, Plaintiff's discovery requests are simply not "proportional to the needs of the case" under Rule 26. Plaintiff makes far-reaching, overbroad discovery requests that seek to delve into business relationships and events that are far removed from the single phone call, single trunk show, and single business relationship between MJC and Le Vian that form the basis of this action.[2]

Accordingly, for the reasons stated above, Plaintiff's renewed motion to compel, Docket No. 99, is hereby **DENIED**. The hearing currently set for September 21, 2016 is **VACATED**.

IT IS SO ORDERED.

DATED: September 1, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] As this Court previously noted, "When a party chooses to serve overly broad discovery, it runs the risk that the discovery will be denied outright without an opportunity to narrow it." *In re Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie Bank Ltd.*, 2015 WL 3439103, *9 (D. Nev. May 28, 2015), *reconsideration denied*, 2015 WL 7258483 (D. Nev. Nov. 17, 2015) (Navarro, Chief J.) (dismissing argument that over-broad 28 U.S.C. § 1782 request had to be trimmed rather than rejected outright).