# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

STEVENSON FISHER,

    Plaintiff,

v.

MJ CHRISTENSEN JEWELERS, LLC, *et al.*,

    Defendants

Case No. 2:15-cv-00358-RFB-NJK

ORDER

## I. INTRODUCTION

Before the Court is Plaintiff Stevenson Fisher's Motion for 54(b) Certification. ECF No. 168. For the following reasons, the Court grants the motion.

## II. PROCEDURAL BACKGROUND

This matter was removed from state court on February 27, 2015. ECF No. 1. Fisher then amended his complaint twice. ECF Nos. 11, 47. In the Second Amended Complaint, Fisher sues: Le Vian; MJ Christensen Jewelers, LLC ("MJC"); LX Publications dba LX Magazines, an Illinois limited liability company ("LX Magazines IL"); and LX Publications dba LX Magazines, Nevada limited liability company ("LX Magazines NV") (collectively with LX Magazines IL, "LX").[1] ECF No. 47. Fisher alleges that Defendants used an automated telephone dialing system to place recorded telemarketing calls to Fisher and the class members' cell phones without express consent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Nevada Deceptive Trade Practices Act ("NDTPA"), Chapter 598 of the Nevada Revised

---

[1] The Clerk of the Court entered default judgment against the LX Defendants. ECF Nos. 35, 70.

Statutes ("NRS"). The Court granted class certification on September 30, 2017. ECF Nos. 141, 143.

After Le Vian's initial Motion for Summary Judgment was denied without prejudice, Le Vian filed a Renewed Motion for Summary Judgment on May 7, 2018. ECF No. 144. The Court held oral argument on the motion on January 10, 2019. ECF No. 155. The Court granted the motion on May 24, 2019.

### III. DISCUSSION

Plaintiff seeks a certification from this Court that the Order entered on May 24, 2019 was final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The May 24, 2019 order granted summary judgment to Defendant Le Vian Corp on February 19, 2019. The order terminated Defendant Le Vian Corp's participation from this case, but Le Vian Corp has not yet sought certification from this Court that the judgment issued in the case was final.

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

In this case, the Court entered judgment in favor of Defendant Le Vian Corp, but there is one remaining defendant in the case, MJ Christensen Jewelers. Both defendants have submitted their non-opposition to Plaintiff's motion. In light of this non-opposition, the Court finds that there is no just reason for delay and will certify that the judgment entered on May 24, 2019 in favor of Le Vian Corp was final.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Stevenson Fisher's Motion for Certification of Judgment (ECF No. 168) is GRANTED. The Court declares that the judgment entered in favor of Defendant Le Vian Corp was final.

DATED: December 26, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**